Filed 11/4/24  P. v. Bocanegra CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br> ALEX ANDY BOCANEGRA,<br><br>    Defendant and Appellant. | C099629<br><br>(Super. Ct. No. MANCRFE20200000637) |

A jury convicted defendant Alex Andy Bocanegra of assault with a firearm (Pen. Code, § 245, subd. (a)(2)),[1] possession of an assault weapon (§ 30605, subd. (a)), discharging a firearm in a grossly negligent manner (§ 246.3, subd. (a)), and causing a concealed firearm to be carried in a vehicle while an occupant (§ 25400, subd. (a)(3)). (*People v. Bocanegra* (2023) 90 Cal.App.5th 1236, 1239-1240, 1243 (*Bocanegra*).)  The

---

[1]  Undesignated statutory references are to the Penal Code.

1

jury further found true the allegation that Bocanegra had personally used a firearm in commission of the assault (§ 12022.5, subd. (a)). (*Bocanegra*, at p. 1243.) The trial court sentenced him to an aggregate prison term of seven years eight months, including a count stayed pursuant to section 654. (*Bocanegra*, at p. 1243 & fn. 2.) We affirmed Bocanegra's convictions but vacated his sentence and remanded to allow the trial court to resentence him in light of changes made to the trial court's sentencing discretion under section 654. (*Bocanegra*, at pp. 1239, 1257.)

On remand, the trial court reimposed an aggregate prison sentence of seven years eight months. However, the trial court failed to update Bocanegra's custody credits award and did not issue an amended abstract of judgment. Bocanegra appealed in October 2023, challenging these failures. His opening brief was filed in July 2024, and this case became fully briefed on August 7, 2024. The People agree, as do we, that remand with directions for the trial court to perform these tasks is required. We will also direct the trial court to amend the resentencing minute order and will otherwise affirm.

DISCUSSION

Pursuant to section 1213, subdivision (a), when a defendant is sentenced to prison, the trial court is tasked with preparing an abstract of judgment and furnishing a certified copy of that document to the Department of Corrections and Rehabilitation. "Under this statute, 'the certified abstract of the judgment constitutes the commitment. [Citations.] It is thus the order sending the defendant to prison and "the process and authority for carrying the judgment and sentence into effect." ' " (*People v. Mitchel* (2001) 26 Cal.4th 181, 185 (*Mitchel*).)

Here, we vacated Bocanegra's previous sentence (*Bocanegra*, *supra*, 90 Cal.App.5th at p. 1257), and the trial court resentenced him on September 18, 2023, to an aggregate prison term of seven years eight months. However, according to a declaration from a clerk with the San Joaquin County Superior Court, no amended abstract of judgment was prepared. We agree with the parties that this document must be generated

2

and forwarded to the Department of Corrections and Rehabilitation. (§ 1213; *Mitchel*, *supra*, 26 Cal.4th at p. 185.)

Further, pursuant to section 2900.1, "when a sentence is modified while in progress, the 'time' already served 'shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same criminal act or acts.' " (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.) This requires the trial court to update the actual custody credits on the amended abstract of judgment to reflect "all actual days" spent in custody "whether in jail or prison" up until the resentencing. (*Ibid.*, italics omitted.) "A sentence that fails to award legally mandated custody credit is unauthorized and may be corrected whenever discovered." (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647.) We therefore accept the parties' concession that the trial court must determine Bocanegra's custody credits up to his resentencing date.

Finally, the trial court's September 18, 2023 minute order fails to accurately describe the trial court's actions. It reads: "The Court rules that the original sentence from 11/08/2021 remains in full force and effect." However, the trial court recognized that this court had remanded the matter for a full resentencing and conducted that resentencing, arriving at the same aggregate sentence that was previously imposed. Thus, having been previously vacated by this court (*Bocanegra*, *supra*, 90 Cal.App.5th at p. 1257), the trial court did not rule that the original sentence "remains in full force and effect." We will direct the trial court to amend the September 18, 2023 minute order to reflect that it resentenced Bocanegra and to specify the sentence imposed on that day. (*Mitchel*, *supra*, 26 Cal.4th at p. 185.)

## DISPOSITION

The matter is remanded with directions for the trial court to calculate and award custody credits through Bocanegra's resentencing on September 18, 2023. The trial court shall prepare an abstract of judgment reflecting this award, as well as the sentence imposed at Bocanegra's resentencing on September 18, 2023. The trial court shall forward a certified copy of this abstract to the Department of Corrections and Rehabilitation. Finally, the trial court shall amend the September 18, 2023 minute order to reflect that the trial court resentenced Bocanegra and detail the sentence imposed. The judgment is otherwise affirmed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
EARL, P. J.

/s/
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4